No. 5558.

### Ed. Wheeler *v.* The State.

1. Driving Stock From Accustomed Range—Evidence—Charge of the Court.—Having admitted proof that other property of like character was driven at the same time and from the same place as the property described in the indictment, the trial court erred in omitting in its charge to limit the jury as to the legitimate purpose for which that proof could be considered.

2. Practice—Charge of the Court.—The legal meaning of the word "willful" should, ordinarily, when it enters into the description of the offense, be given in charge to the jury. Such, however, is not the rule when willfulness is comprehended in the other concomitants of the forbidden act. See this case in illustration.

Appeal from the District Court of Lampasas. Tried below before the Hon. W. A. Blackburn.

The conviction was for driving a certain horse, belonging to J. D. D. Berry, from his accustomed range in Lampasas county, and the penalty assessed by the jury was a term of three years in the penitentiary.

It is not essential to this report that a synopsis of the statement of facts be set out. It is enough to say that the State proved that the animal described in the indictment was driven from its accustomed range, and that it was found in a herd of horses in the possession of the defendant and one Frost, one Barber and a negro. The State was permitted also to prove the recovery of other horses at the same time. The charge of the court with respect to this evidence is the material point involved in this appeal.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge. I. It was proved by the State that at the same time and place that defendant and those acting with him took and drove from its accustomed range Berry's horse, the one named in the indictment, they also took and drove from their

accustomed range three other horses belonging to one Queen. Having admitted this evidence, it devolved upon the court in its charge to the jury to limit it to its legitimate purposes, which the court failed to do, and to which the defendant excepted. (Taylor v. The State, 22 Texas Ct. App., 529; Davidson v. The State, Id., 372; Kelly v. The State, 18 Texas Ct. App., 262; House v. The State, 16 Id. 25.)

II.   Ordinarily, when a penal statute requires that the forbidden act should be "willfully" done, the charge of the court should explain to the jury the legal meaning of the term "willfully." (Thomas v. The State, 14 Texas Ct. App., 200; Trice v. The State, 17 Id., 43; Rose v. The State, 19 Id., 470.) This requirement, however, we do not think prevails in a prosecution for the offense of which the defendant has been convicted, for the reason that this offense must be committed *with intent to defraud* the owner of the property, and when such intent is shown the act is necessarily willful. The *intent* to *defraud* can not exist in the commissison of the act without the act being *willfully* committed. Such intent *per se* makes the act willful, and in explaining to the jury in the charge that the act must have been committed by the defendant with the intent to defraud the owner of the horse, they were sufficiently instructed in the meaning of the term "*willfully*," as used in this statute. (Penal Code, art. 749). We will remark in this connection that there are some decisions of this court which apparently hold that it is essential in this offense for the term "willfully" to be explained to the jury in the charge of the court. It will be observed upon an examination of those cases that this precise question was not before the court in either of them, there being in each a charge upon the subject, and in each the charge was held to be sufficient. (Owens v. The State, 19 Texas Ct. App., 242; Shubert v. The State, 20 Id., 320.) In so far as the expressions in those decisions conflict with the views here announced, they are *obiter dicta,* and are not to be regarded as deciding the precise question here presented.

Because the court erred in not limiting in its charge the purpose for which the testimony concerning the Queen horses was admitted, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*