No. 5578.

JEFF CRAVEY v. THE STATE.

1. PRACTICE—CHANGE OF VENUE.—A general combination of citizens to suppress crime generally is not such an influential combination as is contemplated by Article 578 of the Code of Criminal Procedure, which specifies the grounds upon which a change of venue may be awarded. The obnoxious combination must be one directed against the person accused in the particular case.

2. SAME—PREJUDICE.—Such prejudice as is contemplated by the statute, *supra*, is not shown by proof that the commissioners court of the county of the forum, with or without authority, previous to the trial or indictment of the accused, had appropriated funds for the employment of special counsel to aid generally in the prosecution of offenders.

3. SAME.—The merit of an application for a change of venue is to be determined by the trial court. If the State has joined issue with the accused, and witnesses *pro* and *con* are introduced, the trial judge has the right to interrogate and examine them.

4. SAME—THEFT—CHARGE OF THE COURT.—If, upon a trial for theft, the trial court admits proof of contemporaneous and contiguous thefts of other property, it becomes the imperative duty of the trial judge, in his charge, to limit and restrict such proof to its legitimate purpose, and omission to do so is fundamental error.

APPEAL from the District Court of San Saba. Tried below before the Hon. A. W. Moursund.

This is a companion case to the case of Mayfield v. The State (ante, p. 645); the conviction is for the same offense, the theft of a mare, the property of J. B. Fondren, and is based upon substantially the same testimony, delivered by the same witnesses. The penalty assessed was a term of five years in the penitentiary.

*Burleson & Harris,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant's application for change of venue was based upon both the statutory grounds named in Article 578, Code of Criminal Procedure, to wit, prejudice

and a dangerous combination of influential persons. This application was resisted by the State, and, upon consideration of the evidence adduced, *pro* and *con*, the trial judge overruled the motion. As proof of a combination of influential persons, it was shown that the commissioners court of the county had appropriated a sum of money to aid in the prosecution of cattle and horse thieves generally, and had employed special counsel to assist in such prosecutions. No special combination or action of the court as to this particular defendant is shown.

A general combination of influential persons to suppress lawlessness and crime generally is not such a combination as is contemplated by the statute. The statutory combination is one which is formed with reference to and against the particular individual. Whatever may be said of the *power* of the commissioners court to employ special counsel to aid the regular prosecuting attorneys in the performance of their duties, it "is too clear for argument or authority that prejudice can not be predicated upon such fact," any more than that such fact will establish "a dangerous combination of influential persons."

But it is seriously complained that on the examination of witnesses as to the change of venue, the trial judge himself propounded certain questions to the witnesses. We see no error in this. It is the judge alone who is to hear and determine the issue, and we can see no reason why he should not take all such measures as will in his judgment, best enable him to determine it fairly and justly. We find no error in the action of the court on the proceedings for change of venue, nor can we say he committed an error or abused his discretion in overruling the motion.

There is, however, an error of omission in the charge of the court to the jury in this case. This case is a companion to the case of Mayfield v. The State, just decided, grew out of the same transaction, and is for the theft of the same animal. In this case, as in that, the prosecution proved contemporaneous thefts of other animals, which were found at the same time this animal was, and were returned to their legitimate owners. The court failed to instruct, limit and restrict the jury as to the objects and purposes of said testimony. This was fundamental error, necessitating a reversal of the judgment.

Other errors complained of are not likely to occur on another trial. The judgment is reversed and the cause remanded.