CHARLEY BARNES v. THE STATE.

*No. 6586. Decided June 1.*

1. **Practice—Competency of a Witness.**—A person charged, whether by the same or another indictment, with the offense on trial is not a competent witness for the accused.

2. **Same—Evidence—Charge of the Court.**—Proof of a theft contemporaneous with that on trial is competent for the State, but the charge of the court is erroneous unless it limits and restricts such proof to its proper and single function.

APPEAL from the District Court of Wilbarger. Tried below before Hon. G. A. Brown.

The conviction in this case was for horse theft, and the penalty assessed was a term of eight years in the penitentiary. The disposition of the questions raised on appeal does not require a statement of the facts proved.

*Jo. Hall*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Boode Brookin, the witness offered by defendant, and whose competency as a witness was raised by objection on the part of the prosecution, was clearly incompetent, he being charged by another indictment with the theft of the same animal for the theft of which appellant was upon trial. The court did not err in rejecting him as a witness. Code Crim. Proc., art. 732; Willson's Crim. Stats., sec. 2437; Wood v. The State, 26 Texas Ct. App., 490.

Evidence was adduced on the trial of the theft of several other animals at the same time and place as the one for which defendant was being prosecuted. Though this evidence was admissible and legitimate, it was nevertheless the imperative duty of the court in its charge to so limit and restrict such evidence to the purposes for which alone it was admissible, as that the jury might not use it improperly in considering it in connection with the defendant's guilt of theft of the animal for which he was upon trial. Willson's Crim. Stats., sec. 2344; Davis v. The State, 23 Texas Ct. App., 210; Wheeler v. The State, Id., 598; Cravey v. The State, Id., 677; Willis v. The State, 24 Texas Ct. App., 584; Reno v. The State, 25 Texas Ct. App., 102; Gentry v. The State, Id., 614.

The omission of the court to so limit and restrict this evidence is confessed as error by the Assistant Attorney-General, and the judgment for this omission is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.