## JOHN GILBERT v. THE STATE.

### No. 11. Decided October 20, 1909.

**1.—Burglary—Railroad Car—Other Offenses—Charge of Court—Limiting Testimony.**

Where, upon trial of a burglary of a railroad car, the evidence showed a burglary of at least five cars at the same time and place, and the State elected to prosecute for the burglary of a certain car, there was no error in not limiting the testimony generally, or to limit same to the burglary of said car; the transaction constituting a single act at the same time and place under one possession and ownership.

**2.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial for burglary of a railroad car, the evidence was such that a charge on circumstantial evidence was not required, but was nevertheless given, the defendant could not complain, as such charge was favorable to him.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of a burglary of a railroad car; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Horace Williams* and *W. J. Wasson,* for appellant.—On question of limiting testimony: Scott v. State, 68 S. W. Rep., 680; Long v. State, 11 Texas Crim. App., 381.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a judgment of conviction had in the District Court of Dallas County, Texas, on November 8, 1908, convicting appellant of the crime of burglary

of a railroad car and assessing his punishment at confinement for three years.

A number of questions are raised in the record, but most of them are conceded, with admirable candor, by appellant to be without merit. It is claimed, however, that the court erred in failing in the charge to limit the effect of the evidence that other railroad cars were broken and entered at the same time and place when the car in question was broken and entered. And again that in this case there was a general charge in the indictment of the burglary of a railroad car, and the evidence developed the burglary or entry at least of five cars at the same time and place and the court required the State to elect upon which car it was relying for a conviction, and the State having elected, as shown by an order made in the case, to prosecute for the burglary of car C. M. & S. P. No. 82076, the court should in terms have confined the attention of the jury to that particular car in the charge. Again, it is complained that the testimony in the case rests upon direct evidence and the court having given a charge on circumstantial evidence that this was confusing and misleading in that it tended to draw the consideration of the jury away from the question of the accuracy of vision of the witness in what counsel denominate to "the remarkable identification," to the question of the effect of defendant's presence in the car. The evidence in the case briefly shows that a number of freight cars all sealed left the city of Dallas in a train on the Cotton Belt road about seven o'clock p. m. of the night in question and that they arrived at Noel about eight o'clock the same evening and were placed on the side track. The evidence also indicates that at the same time and place five of these cars, including car C. M. & S. P. No. 82076, were entered. Appellant was seen by more than one person about the car and was identified by at least one witness positively as having been in the car when the parties appeared on the scene. He jumped out and was later captured, lying flat on the ground near by; that while being conveyed to the jail he escaped and was soon thereafter arrested. The evidence does not distinctly show that these cars were coupled together at the time, but it does show that they were at the same place; that the entry was made at the same time, for the reason that the seals could not have been broken between Dallas and Noel Station, and that the entry had been made very soon after they arrived at Noel. So, it is seen that the entry of the cars was made while under the dominion and control of the station agent at Noel and practically at the same time and place so as to constitute, as we believe, one and the same transaction. Indeed, we think it was literally, in a legal sense, the same burglary, and but one offense and the conviction under which appellant rests here would bar further prosecution. Wright v. State, 17 Texas Crim. App., 152;

Adams v. State, 16 Texas Crim. App., 162; Hirshfield v. State, 11 Texas Crim. App., 207. We recognize the rule laid down by this court in many cases, and, among others, those cited by appellant, Scott v. State, 68 S. W. Rep., 680; Long v. State, 11 Texas Crim. App., 381; Carter v. State, 23 Texas Crim. App., 511, 5 S. W. Rep., 128; Wheeler v. State, 23 Texas Crim. App., 599, 5 S. W. Rep., 160; Mayfield v. State, 23 Texas Crim. App., 645, 5 S. W. Rep., 161; Cravey v. State, 23 Texas Crim. App., 678, 5 S. W. Rep., 162; Barnes v. State, 28 Texas Crim. App., 29, 11 S. W. Rep., 679; Hanley v. State, 28 Texas Crim. Rep., 375, 13 S. W. Rep., 132, and numerous other cases that where cotemporaneous crimes are admitted in evidence under circumstances justifying their admission that the court should ordinarily limit the effect of such testimony for the purposes of showing intent, motive, system or other like purposes. However, it has been held in very many cases that it is only necessary for the court to charge upon and limit the evidence showing other extraneous crimes when there is danger of conviction for the offenses not charged, or where there might be an unwarranted use of such testimony to the prejudice of the defendant in the case in which he is being tried. Here, as we think, the crime being single and the same character of moral turpitude, the entries being of cars in possession of the same person and therefore of the same ownership in the legal sense, that the failure to limit this testimony could not in the nature of things have injured appellant. Again, we think it was unnecessary for the charge of the court to name the particular number of the car alleged to have been entered, when, as in this case, there had been an election to prosecute for the burglary of the car named, it must, in the absence of evidence to the contrary, be assumed that this fact was stated to the jury and that they would have understood that they were limited in their evidence to the particular car upon which the State elects to prosecute.

In respect to the charge of the court on circumstantial evidence, there was a state of case, we believe, under which the jury would have been justified in convicting appellant even if they should not have believed the testimony of the witness who claimed to have seen him actually in the car. While a charge on circumstantial evidence was not, as we believe, required, it is not seen how it could have, in any event, injured appellant, but, on the contrary, was rather favorable to him than otherwise. The evidence of appellant's guilt is conclusive, nor do we believe that fairly considered there is any error in the record which would justify or require us to reverse the case. The judgment of the court below is, therefore, affirmed.

*Affirmed.*

Brooks, Judge, absent.