C. BONNEAU v. THE STATE.

No. 5420.    Decided June 11, 1919.

1.—Threatening Life—Sufficiency of the Evidence.

Where, upon trial of seriously threatening the life of another, the evidence sustained the conviction, there was no reversible error.

2.—Same—Other Offenses—Rule Stated.

It is only when proof of the collateral offense is such as that the jury might use it improperly that it is necessary to limit the purpose for which

such evidence was introduced, and there was no error in failing to limit testimony of other threats in the absence of. any exception. Following Buckley v. State, 70 Texas Crim. Rep., 550, and other cases.

Appeal from the County Court of Jasper. Tried below before the Hon. C. C. Brown.

Appeal from a conviction of seriously threatening the life of another; penalty, a fine of one hundred dollars.

The opinion states the case.

*C. B. Nell*, for appellant.—Cited Helvenston v. State, 53 Texas Crim. Rep., 636, 111 S. W. Rep., 959; Owen v. State, 58 Texas Crim. Rep., 261, 125 S. W. Rep., 405; Brown v. State, 56 Texas Crim. Rep., 389, 120 S. W. Rep., 444; Greogory v. State, 43 S W. Rep., 1017.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—The appellant was convicted in the County Court of Jasper County of the offense of seriously threatening another, and his punishment fixed at a fine of $100, from which he appeals.

The evidence was conflicting, but the jury seemed to have believed that of the State's witnesses, and we cannot say that the verdict is without support.

The State was allowed to prove by the prosecuting witness and his father, over objection, that appellant had stated to them substantially that long years before he had told a certain man that if he whipped him he would kill him; that the man did whip him and that he killed said man.

The testimony of the State in the instant case showed that an altercation preceded the threat, charged therein in which altercation the prosecuting witness slapped appellant with his open hand; that after such altercation ended and appellant had gotten into his buggy, he turned and said: "I have told you if any man place his hand upon me in anger I would kill him, now get your gun and be ready for I am going to get mine and kill you." We think the evidence of the statement that appellant had carried out a former threat was admissible, even though tending to show a separate offense, as bearing upon the question as to whether the threat in the instant case was seriously made.

No charge was asked limiting the effect of such evidence and no exception taken to the charge by the trial court. Buckley v. State, 70 Texas Crim. Rep., 550; Elliott v. State, 59 Texas Crim. Rep., 1; Webb v. State, 63 Texas Crim. Rep., 207.

It is only when proof of the collateral offense is such as that the jury might use it improperly to convict or that it might reasonably result in harm to appellant that it is necessary to limit the purpose

for which such evidence was introduced. Carroll v. State, 58 S. W., 340; Purcelly v. State, 29 Texas Crim. App., 1; Bailey v. State, 69 Texas Crim. Rep., 474; 155 S. W. Rep., 536; Leeper v. State, 29 Texas Crim. Rep., 63; Gilbert v. State, 57 Texas Crim. Rep., 85.

We do not see how the jury could have considered the evidence as to the former threat testified to by the prosecuting witness and his father for any other purpose other than to show that the threat in the instar⁺ case was seriously made.

There being no other errors seriously complained of, and none apparent in the record the judgment of the trial court will be affirmed.

*Affirmed.*