## DAN SIMS v. THE STATE.

No. 19838. Delivered June 15, 1938.
Rehearing denied November 30, 1938.

578

The opinion states the case.

*B. L. Palmer* and *Joe Harris,* both of Houston, for appellant.

*Dan W. Jackson,* Criminal District Attorney, *Charles E. Kamp* and *Spurgeon E. Bell,* Assistant Criminal District Attorneys, all of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery by firearms; the punishment, death.

About 12 o'clock midnight, July 20, 1937, appellant and two men entered the Walgreen Drug Store in the city of Houston. Appellant exhibited a pistol, and he and his companions forced N. J. Powers, manager of the store, to stand by while they took approximately $380 from the cash registers. In the meantime police officers, who had been informed that the robbery was in progess, entered the store. Appellant emptied his pistol at

one of the officers, wounding him in the left arm. Appellant did not testify, and introduced no witnesses.

Appellant filed an application for a change of venue, attempting to allege prejudice and a dangerous combination of influential persons. We quote from the application, as follows: "The general prejudice against defendant is not a prejudice against him personally, but is a prejudice against all persons charged with offenses of the character of the offense charged by the indictment against this defendant, and arises from the fact that the offense of robbery by firearms has become rather common in Harris County and especially in the City of Houston."

The allegation as to a combination of influential persons goes no further than to charge that there was a combination of the mayor and police officers of the City of Houston to suppress lawlessness and crime generally. The State's replication was in effect a general denial. Article 562, C. C. P., reads as follows:

"A change of venue may be granted on the written application of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the following causes, the truth and sufficiency of which the court shall determine:

"1. That there exists in the county where the prosecution is commenced so great a prejudice against him that he can not obtain a fair and impartial trial.

"2. That there is a dangerous combination against him instigated by influential persons, by reason of which he can not expect a fair trial."

Article 567, C. C. P., provides: "The credibility of the persons making affidavit for change of venue, or their means of knowledge, may be attacked by the affidavit of a credible person. The issue thus formed shall be tried by the judge, and the application granted or refused, as the law and facts shall warrant."

We quote from 12 Tex. Jur., p. 460, as follows: "There must be some prejudice against the defendant, that is, there must be a prejudgment of the fact that the defendant is guilty; it is not sufficient that the atrocious nature of the crime has aroused public sentiment against the unknown offender. But it may be either prejudice against the accused personally or against his

case. In other words, it may arise from a prejudgment of the cause, since prejudice and prejudgment mean the same thing."

We think the application goes no further than to charge that the citizenship of Harris County was prejudiced against the offense of robbery by firearms. It is admitted in the application that prejudice was not entertained against the appellant personally. Obviously, the application fails to set up that character of prejudice referred to in the statute. The combination referred to in the statute is one which is formed with reference to and against the particular individual. 12 Tex. Jur., p. 459. In Cravey v. State, 5 S. W. 162, this Court said: "A general combination of influential persons to suppress lawlessness and crime generally is not such a combination as is contemplated by the statute. The statutory combination is one which is formed with reference to and against the particular individual."

Appellant takes the position that it was incumbent upon the trial court to change the venue because the answer of the State failed to attack the credibility of the persons making the affidavit for a change of venue, or their means of knowledge. If it should be held that the replication of the State is insufficient, it would not follow that it was the duty of the trial judge to grant an application which failed to set forth any of the statutory grounds. It is observed that no evidence was heard when the application was presented. If appellant had supported his averments by uncontroverted testimony the trial court would have been warranted in declining to change the venue. It follows that we are constrained to overrule the appellant's contention.

Several bills of exception relate to the action of the trial court in refusing to permit appellant to introduce in evidence upon the hearing of the application for a change of venue certain newspaper articles relating to offenses committed by persons other than appellant. We quote the qualification appended to one of said bills as follows: "Defendant's alleged offense happened on the 20th day of July, 1937, and his trial was on the 29th day of November, 1937, and the circulation manager referred to in this purported bill of exception by the defendant was offered by the defendant to prove that on November 22, 23 and 24, 1937, articles appeared in the newspaper he was connected with, regarding the wounding of a police officer named Fondren by a person in no way connected with this defendant or his case, while attempting to escape after committing a robbery, and the court offered to permit the defendant to prove all of said incidents if it were his intention to show

in connection therewith by said witness or any witnesses that any person or persons expressed any prejudice against the defendant personally or his case, or that there existed any combination against the defendant personally or his case, and this the defendant failed to do, and in none of said articles referred to was there any claim that the defendant's name or his case was even mentioned, and this court is, therefore, not certifying that there was any prejudice or prejudgment against the defendant or his case, or that there was any combination against the defendant or his case in Harris County, Texas."

As qualified, the bills fail to reflect error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant finally urges but one complaint relative to his trial, and that is based on the failure of the trial court to grant his motion for a change of venue herein. The grounds offered for such change being that on account of the recent wounding of a certain peace officer other than the ones engaged in the encounter for which this appellant was herein indicted, the minds of the citizens of Harris County had become so inflamed against such kindred crimes that the punishment probably to be meted out to this appellant would evidence a prejudice not necessarily against him personally, but against the crime with which he was charged. Also that there was a combination of influential persons, to-wit: the law enforcement officers of that county, for the purpose of suppressing such crimes as that of robbery with firearms, and that such officers had put on a campaign for such purpose in that county.

In fact the grounds offered for such change of venue, if considered by us to be sound, would finally preclude any determined and organized resistance to any character or quality of crime that might temporarily infect any populous area, and would demand of the peace officers only a passive resistance to a crime wave that might appear under the existing caprice of the persons whose activities manifest themselves in such peculiar actions. It would not be a sound doctrine to say that because the peace officers had decided to put on a campaign for the purpose of suppressing the activities of robbers in their

community, that such activities upon their part should result in same being denominated a dangerous combination against the wrongdoer. Such a doctrine would be destructive of the very thing that peace officers are used for, and that is the suppression of crime.

There is nothing in the record to show that the appellant was the victim of any organized conspiracy, nor prejudgment of his case, unless it be reflected in the severity of the verdict, and such severity could as well be traced to the uncontradicted facts themselves as they appear in the record. They show a deliberately planned robbery upon the part of three persons, one outside in the automobile, one inside the door, and the appellant who was the holdup man. At the point of his automatic pistol he was proceeding in the usual manner to go through the different cash registers of the establishment to be robbed, possessing himself of their contents, continually enforcing his demands at the point of his pistol,—when two hastily summoned policemen appeared upon the scene, and a pistol duel ensued in which appellant emptied his weapon of its loads, wounding one of the policemen. True it is that no lives were lost in the encounter, but such was due not to appellant's intent possibly, but to his poor marksmanship, and since the law allows the imposition of the death penalty in such a case as here proven, the punishment was a matter for the jury to decide in their discretion. We think this case has been properly disposed of in our original opinion, and we have no other alternative than to overrule this motion, which is accordingly done.