JAMES GREER V. STATE.

No. 24368. May 4, 1949.
Rehearing Denied June 1, 1949.
Request for Leave to File Second Motion for Rehearing Denied (Without
Written Opinion) June 15, 1949.

*Ben Henderson,* and *R. E. Estes,* Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is theft of an outboard motor over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a period of two years.

The record reflects that on or about the 15th day of October, 1948, L. C. Vaughn, accompanied by three other parties went from Dallas to Possum Kingdom Lake located in Palo Pinto County to do some fishing. Mr. Vaughn owned a ten horsepower Mercury motor, the serial number of which was 203520. He carried this motor with him to the lake and attached it to his boat that night. The next morning when Mr. Vaughn and his companions started to go fishing, they discovered that the motor was missing from the boat. Sometime later, about the 24th day of said month, the officers of the city of Dallas were out looking

for another motor; and as they were passing appellant's place, they saw him working on his car near his garage, the doors of which were open. While there talking to appellant, they saw an outboard motor in his garage. They asked him if they might look at the motor to which he readily consented. Appellant got the motor out of his garage and placed it in the rear of the officers' car. The officers noticed that it was a ten horsepower Mercury motor and also noticed that it carried Serial No. 203520. Soon thereafter, appellant was arrested at which time he made a voluntary confession which was introduced in evidence. Mr. Vaughn identified the motor as his motor. Appellant did not testify or offer any defense. We deem the evidence sufficient to sustain his conviction.

Appellant's first complaint relates to the court's action in declining to sustain his application for a change of venue. The state duly excepted to the sufficiency of the application on the ground that the application is sworn to by only one compurgator and not by two as required by law. We think that the court was clearly justified in overruling the same since the application was not in compliance with Art. 562, C. C. P.

Appellant's motion to quash the indictment is without merit. The indictment charged the theft of an outboard motor over the value of fifty dollars and is otherwise in due form.

Appellant challenged the jurisdiction of the trial court of the offense charged. He bases his contention on Art. 1333, P. C., which provides as follows:

"Whoever shall use in this State without the consent of the owner thereof any boat of any size or kind, which is capable of being used or operated on any bay, lake or river or body of water or any part thereof in this State, or shall without such consent remove therefrom any motor or part thereof, oars, row-locks, oarlocks, anchor, anchor chain or rope, paddles, seats, planks, poles, or any rigging whatever belonging to such boat, shall be fined not less than five nor more than one hundred dollars."

He claims that the removal of a motor, or any part thereof, from a boat without the owner's consent is but a misdemeanor. This may be conceded, yet one who unlawfully and without the consent of the owner takes a motor of the value of fifty dollars or over belonging to another from his possession, without his consent, with the intent to deprive the owner of the value of the same, and to appropriate it to the use and benefit

of the person taking, would be guilty of felony theft. If he had merely taken the motor from the boat and left it there, or if he had taken it for temporary use, a different question would be presented. It occurs to us that there can be no doubt about the correctness of our construction of the statute. We therefore overrule his contention.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

We are unable to agree with appellant on either of the propositions raised by him on his motion for rehearing. He was prosecuted under the theft statute defining a felony. The proof amply sustains the conviction. The witness Norman, who testified as to the value of the motor, based on the description given by other witnesses, was a dealer of appliances in Mineral Wells and fully qualified himself to give evidence as to the value of the motor, which he said would be worth from $250 to $275.

Appellant seems to have an idea that he should have been prosecuted under Article 1333 of the Penal Code, instead of under the general theft statute. The state did not choose to do that and, having introduced evidence to sustain the allegations, this court has no jurisdiction to direct the action of the prosecuting attorney in such cases. It is doubted that the evidence would have sustained a conviction under Article 1333.

We think the original opinion correctly disposes of the case. Appellant's motion for rehearing is overruled.