

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 21, 1977

This Opinion
Overrules Opinion
• C-602
V- 496
O- 6940

The Honorable Tim Curry
District Attorney
Tarrant County
Fort Worth, Texas 76102

Opinion No. H-1026

Re: Venue of criminal
proceedings in the jus-
tice court.

Dear Mr. Curry:

You have requested our opinion concerning the venue of criminal proceedings in justice courts in counties of over 225,000. In essence, your questions are:

1) Does article 4.12 or article 45.22 of the Code of Criminal Procedure control the venue in such cases, and is the applicable article mandatory or directory?

2) Is it procedurally correct for a police officer to file a speeding case under State law in the precinct in which the alleged offense occurs?

3) Must a magistrate transfer a case to a proper court when he is apprised that his court does not have venue or when a plea of privilege (oral or written) is filed and the basis thereof proven?

4) What penalties could be imposed upon a magistrate who tries a case or cases despite proof that his court does not have venue; specifically, may such action form the basis for a removal action?

Article 4.12, Code of Criminal Procedure, establishes justice court venue generally. Article 45.22, Code of Criminal Procedure, provides:

> Sec. 1.  No person shall ever be tried in any justice precinct court unless the offense with which he was charged was committed in such precinct.  Provided, however, should there be no duly qualified justice precinct court in the precinct where such offense was committed, then the defendant shall be tried in the justice precinct next adjacent which may have a duly qualified justice court.  And provided further, that if the justice of the peace of the precinct in which the offense was committed is disqualified for any reason for trying the case, then such defendant may be tried in some other justice precinct within the county.
>
> Sec. 2.  No constable shall be allowed a fee in any misdemeanor case arising in any precinct other than the one for which he has been elected or appointed, except through an order duly entered upon the minutes of the county commissioners court.
>
> Sec. 3.  Any justice of the peace, constable or deputy constable violating this Act shall be punished by a fine of not less than $100 nor more than $500.
>
> Sec. 4.  The provisions of this Article shall apply only to counties having a population of 225,000 or over according to the last preceding federal census.

Article 45.22 is controlling in counties of over 225,000, as specific venue statutes control over general provisions. Trees v. State, 152 S.W.2d 361 (Tex. Crim. App. 1941).  Furthermore, the penalty provision of article 45.22 clearly indicates that its requirements are mandatory rather than directory.  Both article 4.12 and article 45.22 were said to be unconstitutional in Attorney General Opinion C-602 (1966). See also Attorney General Opinions V-496 (1948) and O-6940 (1945).  In Bradley v. Swearingen, 525 S.W.2d 280, 282 (Tex. Civ. App. -- Eastland 1975, no writ), however, the court indicated that article 4.12 was valid and that it believed Attorney General Opinion C-602 was erroneously decided.  In light of that determination, we overrule Attorney General Opinions C-602 (1966); V-496 (1948); and O-6940 (1945).

Section 143 of article 6701d, V.T.C.S., provides that a violation of speed laws on state highways constitutes a misdemeanor punishable by a fine of one dollar to two hundred dollars. Accordingly, in counties of 225,000 or more, article 45.22 generally requires a police officer to file a speeding case under State law in the precinct in which the alleged offense occurs.

Your third question concerns the appropriate action on the part of a magistrate who is apprised that his court does not have venue. We have discovered no authority for the transfer of proceedings in such circumstances. See Sims v. State, 121 S.W.2d 350 (Tex. Crim. App. 1938); Taylor v. State, 197 S.W. 196 (Tex. Crim. App. 1917). Accordingly, in such an instance a magistrate should dismiss the action, and it should be refiled in the proper precinct. Trees v. State, supra; see Romay v. State, 442 S.W.2d 399 (Tex. Crim. App. 1969); Martin v. State, 385 S.W.2d 260 (Tex. Crim. App. 1964).

Your final question involves the possible sanctions for a magistrate's refusal to observe the provisions of article 45.22. That article provides for a fine in such an instance. Furthermore, a corrupt and willful violation of article 45.22 could constitute official misconduct and subject an offending magistrate to removal. V.T.C.S. arts. 5970 - 5997; see Brackenridge v. State, 11 S.W. 630 (Tex. Civ. App. 1889, no writ).

## S U M M A R Y

Article 45.22, Code of Criminal Procedure, controls the venue of actions in justice precinct courts in counties of over 225,000. Its provisions are mandatory, and thus, an officer should file a speeding case under State law in the precinct in which the alleged offense occurs. A case filed in the wrong precinct should be dismissed. A magistrate who refuses to observe the provisions of article 45.22 is subject to fine under that article, and a corrupt and willful violation of article 45.22 could constitute official misconduct and subject the magistrate to removal. Attorney General Opinions C-602 (1966); V-496 (1948); and O-6940 (1945) are overruled.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw