TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00573-CR







Jarriatt Andrew Bohle, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HARRIS COUNTY, 174TH JUDICIAL DISTRICT


NO. 9429512, HONORABLE SAM ROBERTSON, JUDGE PRESIDING








 Appellant Jarriatt Andrew Bohle appeals his conviction for aggravated kidnaping. See Tex.
Penal Code Ann. § 20.04 (a)(5) (West Supp. 1998). (1) In a joint trial with five co-defendants, a jury
convicted appellant and the other five of this offense. The jury assessed appellant's punishment at 30 years'
imprisonment and a fine of $10,000. Appellant brings eleven points of error. We will affirm his conviction.

 Appellant's conviction is based upon the abduction of a young man, Rudy Meinecke, on
December 19, 1994, in Houston, Harris County, by a group including appellant, who took the victim to
co-defendant Darrold Alexander's apartment where he was beaten, tortured and terrorized. The victim
was rescued by a law enforcement officer who saw a group of people, including appellant, on the street
at 3:00 a.m. carrying the unconscious victim. The details of the offense are reviewed at length in a
companion case, McMahon v. State, Nos. 3-97-572-CR & 3-97-574-CR (Tex. App.--Austin August
13, 1998) (not designated for publication) [hereinafter McMahon]. 

 Appellant's first point of error contends that the trial court erred by refusing to hold a
hearing on his motion for change of venue. The relevant statute provides:


(a) A change of venue may be granted in any felony or misdemeanor case punishable by
confinement on the written motion of the defendant, supported by his own affidavit and
the affidavit of at least two credible persons, residents of the county where the prosecution
is instituted, for either of the following causes . . .


 1. That there exists in the county where the prosecution is commenced so great a
prejudice against him that he cannot obtain a fair and impartial trial . . . .



Tex. Code Crim. Proc. Ann. art. 31.03(a) (West 1989) (emphasis added).

 Appellant attempted to file a written motion for change of venue, but the instrument filed
does not comply with article 31.03. Appellant's purported motion for change of venue is a handwritten
document that apparently began as a motion for co-defendant Timothy Joseph Lathrop. The document
in appellant's record appears to have been photocopied at some point in the process prior to filing, and
then this document was modified by some deletions and additions, one being the scratching out of Lathrop's
name in the heading and the insertion of appellant's name instead. However, the attempted conversion of
the Lathrop motion to a Bohle motion was incomplete, so as to make the motion filed nonsensical. The
heading of the motion lists the style and number of appellant's case, but the motion states: "Comes now
Timothy Joe Lathrop, Defendant, and requests in writing a change of venue based on the following: I. 
There exists in the county where the prosecution is commenced so great a prejudice that he cannot obtain
a fair trial; Wherefore Defendant requests . . . a hearing . . . ." (Emphasis added.) This document is
accompanied by a document entitled "Affidavit of Defendant" which states "I am Jarriatt Bohle and I state
under oath that the facts contained in the motion for change of venue are true and correct. . . ." This is
dated, bears appellant's signature, and is notarized by the attorney for his co-defendant Timothy Lathrop. 
This is accompanied by another document entitled "Affidavit Supporting Change of Venue," which states:
"I, Ron Hayes & Fred Heacock, individually state that the information contained in the attached motion for
change of venue is true, that I am a resident of Harris County, Texas." This is dated and signed by Hayes
and Heacock, and notarized by the attorney for Lathrop. Hayes is the trial attorney for co-defendant
Darrold Latrell Alexander, and Heacock is trial attorney for co-defendant Jason Ray McMahon. Thus,
the substance of the motion presented on behalf of appellant Bohle is that co-defendant Lathrop requests
a change of venue because he, Lathrop, cannot obtain a fair trial, and this instrument is supported by (1)
an affidavit by appellant Bohle stating that the facts contained in the motion are true, and (2) an affidavit by
two attorneys for other co-defendants stating that the information in the motion is true. This motion does
not meet the essential requisites that it assert that appellant cannot receive a fair trial, appellant's affidavit
does not swear that he cannot receive a fair trial, and the affidavit of the two compurgators does not swear
that appellant cannot receive a fair trial. Taking everything stated in the motion and the accompanying
affidavits as true, the motion does not meet the requirements of the statute. 

 An application for a change of venue is properly overruled where the application does not
comply with the statute. Greer v. State, 220 S.W.2d 649, (Tex. Crim. App. 1949); see Sims v. State,
121 S.W.2d 350, 351-52 (Tex. Crim. App. 1938). If the defendant's motion for change of venue is not
in the proper form, it is not error for the trial court to overrule it without a hearing. Lundstrom v. State
742 S.W.2d 279, 281 (Tex. Crim. App. 1986), citing Ward v. State, 453 S.W.2d 832 (Tex. Crim. App.
1974) (not supported by affidavits of at least two credible persons); Donald v. State, 453 S.W.2d 825
(Tex. Crim. App. 1970) (motion not sworn). The most recent case found which dealt with the issue is
Cover v. State, 913 S.W.2d 611, (Tex. App.--Tyler 1995, pet. ref'd). That court noted that there was
no affidavit attached to the motion for change of venue. The court found that the trial court "properly
overruled Appellant's defective motion." Id. Here, appellant's motion for change of venue is defective,
and the trial court did not err in not providing a hearing on it. Appellant's first point of error is overruled. 


 Appellant complains of restrictions on the voir dire examination in points two through six. 
The facts and issues are identical to those in McMahon, and we overrule appellant's points two through
six as we did there. McMahon, slip op. at 10-17.

 Appellant's seventh point of error complains of the trial court's overruling an objection to
a prosecutor's argument he claims was an impermissible statement of personal opinion. The court properly
ruled that the comment was a permitted answer to a comment in the defense counsel's closing argument. 
We overrule point seven for the reasons set out in McMahon, slip op. at 18-20.

 In points of error eight and nine, appellant contends that the trial court erred by not
instructing the jury that Pedro Jimenez was an accomplice witness as a matter of law whose testimony
required corroboration, or, he argues in the alternative, at least the trial court should have submitted the
issue for the jury to determine whether he was an accomplice as a matter of fact. We find no evidence to
support a charge that Jimenez was an accomplice witness. His knowledge of the offense, and even his
assistance in concealing evidence afterward, is not enough to make him an accomplice witness. We
overrule points eight and nine for the reasons and on the authorities stated in the same numbered points in
McMahon, slip op. at 20-22.

 Appellant's tenth point of error argues that the trial court abused his discretion by refusing
to grant his motion to sever his prosecution from the others. The facts and law on this point are identical
to those in the same numbered point in McMahon, slip op. at 24-26. The trial court did not abuse its
discretion and there was no error; point of error ten is overruled. 

 Appellant contends in his eleventh point of error that the trial court erred by not submitting
an issue for the jury to decide whether appellant voluntarily released the victim in a safe place, which would
reduce the offense to a second degree felony rather that a first degree. This point corresponds to the
eleventh point in McMahon, slip op. at 27-31. There was no evidence of a voluntary release. We overrule
appellant's eleventh point for the same reasons we set out in McMahon.


 Having overruled appellant's points of error, we affirm the trial court's judgment.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: August 13, 1998

Do Not Publish

1. Amendments to this section after the commission of the offense are irrelevant to the appeal. The
current version is cited for convenience. 

 An application for a change of venue is properly overruled where the application does not
comply with the statute. Greer v. State, 220 S.W.2d 649, (Tex. Crim. App. 1949); see Sims v. State,
121 S.W.2d 350, 351-52 (Tex. Crim. App. 1938). If the defendant's motion for change of venue is not
in the proper form, it is not error for the trial court to overrule it without a hearing. Lundstrom v. State
742 S.W.2d 279, 281 (Tex. Crim. App. 1986), citing Ward v. State, 453 S.W.2d 832 (Tex. Crim. App.
1974) (not supported by affidavits of at least two credible persons); Donald v. State, 453 S.W.2d 825
(Tex. Crim. App. 1970) (motion not sworn). The most recent case found which dealt with the issue is
Cover v. State, 913 S.W.2d 611, (Tex. App.--Tyler 1995, pet. ref'd). That court noted that there was
no affidavit attached to the motion for change of venue. The court found that the trial court "properly
overruled Appellant's defective motion." Id. Here, appellant's motion for change of venue is defective,
and the trial court did not err in not providing a hearing on it. Appellant's first point of error is overruled. 


 Appellant complains of restrictions on the voir dire examination in points two through six. 
The facts and issues are identical to those in McMahon, and we overrule appellant's points two through
six as we did there. McMahon, slip op. at 10-17.

 Appellant's seventh point of error complains of the trial court's overruling an objection to
a prosecutor's argument he claims was an impermissible statement of personal opinion. The court properly
ruled that the comment was a permitted answer to a comment in the defense counsel's closing argument. 
We overrule point seven for the reasons set out in McMahon, slip op. at 18-20.

 In points of error eight and nine, appellant contends that the trial court erred by not
instructing the jury that Pedro Jimenez was an accomplice witness as a matter of law whose testimony
required corroboration, or, he argues in the alternative, at least the trial court should have submitted the
issue for the jury to determine whether he was an accomplice as a matter of fact. We find no evidence to
support a charge that Jimenez was an accomplice witness. His knowledge of the offense, and even his
assistance in concealing evidence afterward, is not enough to make him an accomplice witness. We
overrule points eight and nine for the reasons and on the authorities stated in the