No. 163, Misc.  NASH *v.* ILLINOIS.  Sup. Ct. Ill.  Certiorari denied.  *George L. Saunders, Jr.,* for petitioner. *William G. Clark,* Attorney General of Illinois, and *John J. O'Toole* and *Donald J. Veverka,* Assistant Attorneys General, for respondent.

MR. JUSTICE FORTAS, with whom THE CHIEF JUSTICE and MR. JUSTICE DOUGLAS join, dissenting.

Petitioner was convicted of murder on the testimony of William Triplett, an accomplice in the crime.  The prosecutor promised Triplett leniency if he testified against the petitioner.  Triplett, however, testified that he had not been promised anything.  The prosecutor knew this testimony was false, and the jury heard Triplett's entire testimony under the erroneous impression that he had not received promises of leniency.  Later in the trial, and over the prosecutor's objection, petitioner called Triplett's lawyer and the prosecutor as witnesses. Both admitted that the prosecutor promised Triplett leniency if he would testify.

I think this case is governed by the principle of *Napue* v. *Illinois,* 360 U. S. 264 (1959).*  It is true that in the present case, the prosecutor was called by the defense and compelled to admit that he offered leniency to the witness if he testified.  So, here, the jury ultimately

---

*In response to a question by the prosecutor, a principal state witness in *Napue* testified that he had received no promise of consideration in return for his testimony.  In fact, the prosecutor had promised him consideration but did nothing to correct the false testimony.  (Earlier, the witness had been forced by defense counsel to admit that someone, tentatively described as a public defender, "was going to do what he could" to help the witness.)  The Court held that the prosecutor's knowing acquiescence in the witness' lie deprived the defendant of a fair trial under the Fourteenth Amendment even though the jury had been apprised that the witness might have been lying about whether he had any interest in testifying.

knew not only that the witness lied, but also that the prosecutor knew he was lying.

It may be that upon hearing the prosecutor's admission, the jury could properly discount Triplett's testimony. However, the jury heard him under the impression that he was not receiving benefit for his testimony, and the subsequent admission by the prosecutor, later in the trial, might not adequately overcome the jury's initial impression of the testimony. Accordingly, in these circumstances, I must conclude that petitioner was prejudiced by the prosecutor's acquiescence in the misrepresentation by his witness.

In any event, it is by no means clear that petitioner must show that the prosecutor's knowing acquiescence in a material falsehood prejudiced him. There is no place in our system of criminal justice for prosecutorial misconduct. See *Giles* v. *Maryland,* 386 U. S. 66 (1967) (opinion of BRENNAN, J.); *Miller* v. *Pate,* 386 U. S. 1 (1967); *Napue* v. *Illinois, supra; Alcorta* v. *Texas,* 355 U. S. 28 (1957); *White* v. *Ragen,* 324 U. S. 760 (1945); *Pyle* v. *Kansas,* 317 U. S. 213 (1942); and *Mooney* v. *Holohan,* 294 U. S. 103 (1935). See also *Giles* v. *Maryland, supra,* at 96 (opinion of FORTAS, J.); and *Brady* v. *Maryland,* 373 U. S. 83 (1963). Especially in a capital case, a false denial by the critical State's witness that he was promised leniency in return for his testimony, knowingly acquiesced in by the prosecutor, requires reversal of a state conviction, even though the prosecutor was later compelled to admit that the denial was untrue.

I would grant certiorari and reverse. *Napue* v. *Illinois, supra.*