**Julian J. DONALD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42412.**

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Rehearing Denied April 29, 1970.

Robert B. Billings, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is theft by false pretext, with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, ten years.

His first ground of error is that he was allegedly denied compulsory process of witnesses at his pre-trial hearing. What he actually seemed to want was the records of the banks described in vague language in part as follows:

> "And bring with you any 'Stop Payment' orders issued on said cashier's check together with your records of whether the payment was successfully stopped or not. And bring with you your records showing whether or not any financial loss, at all, and, if so, how much, was sustained on these cashier's checks."

The trial court found that "subpoenas were and are vague and indefinite for this hearing," and we agree. In Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807, we held that the trial court did not err in declining to require the production of "all statements, documents and evidence now in the possession of police officers or the District Attorney of Nueces County."

We overrule his contention, not supported by any authority, that he was denied the effective assistance of counsel, because the court set the pre-trial hearing in seven cases against appellant for the same day. The hearing was set more than five (5) days prior to the trial and complies with Article 28.01, Section 2, Vernon's Ann.C.C.P. Appellant's contention that Judge A. D. Jim Bowie was disqualified is moot because Judge Penn Jackson heard this case in the absence of Judge Bowie who was ill. At the pre-trial hearing, the Honorable A. D. Jim Bowie testified that he as Assistant District Attorney had never heard of appellant and did not participate in any investigation of the cases against the defendant nor did he present the matter to the grand jury. Muro v. State, Tex.Cr.App., 387 S.W.2d 674, is the authority for the rule that, where a judge had been an assistant district attorney "at the time of the offense, but had no recollection of working on the case," he was not disqualified.

■ Appellant next contends that District Attorney Henry Wade and his assistants were disqualified to prosecute this case because the District Attorney was on the Board of Directors of the First Citizens Bank of Dallas. We need not pass upon the question of disqualification because there is no evidence in this case that such bank was in any way connected with the transactions involved in this case.

■ The motion for change of venue was insufficient since it was not sworn to in accordance with the terms of Article 31.03, V.A.C.C.P., and nothing is presented for review.

■ Appellant's challenge to the array was not supported by affidavits as required by Article 35.07, V.A.C.C.P., and nothing is presented for review.

■ Appellant moved for the trial court to suppress the testimony of Jane Savage because she was an accomplice witness. Nash v. Illinois, 389 U.S. 906, 88 S.Ct. 222, 19 L.Ed.2d 223, and Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217, which are relied upon by appellant, can have no application to the case at bar. The court's charge on the question of Jane Savage being an accomplice is substantially that approved by this Court in Angle v. State, 165 Tex.Cr.R. 305, 306 S.W.2d 718.

■ Appellant's motion to quash the indictment was on the ground that the prosecution was based upon a written instrument and such instrument was not set out in the indictment. The holding of this Court in Mount v. State, 167 Tex.Cr.R. 7, 317 S.W.2d 212, clearly disposes of this contention.

■ Another motion to quash the indictment is predicated upon the contention that the witnesses whose names were listed on the back of the indictment were not called to testify before the Grand Jury. The grounds set forth in the motion were not those authorized by Article 27.03, V.A.C.C.P. Furthermore, the Supreme Court of the United States in Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397, put this question to rest when it held that an indictment might be based upon hearsay.

■ Appellant's motion to produce a certain identifiable exhibit was granted by the court. On the day of the trial, although apparently tardy, the State complied with this order. We do not find that appellant was harmed by such delay under the facts of this case. Nor do we find any error in the trial court's failure to grant his motion for continuance filed on the day the trial began.

Appellant's contention that the evidence was insufficient to support the jury's finding that appellant appropriated any money to his own benefit requires a discussion of some of the facts. Appellant, who according to this record was the alter ego of a number of "companies," none bearing his name, employed one Jane Savage to work in his office and had her open an account in the American Bank and Trust Company of Dallas in the name of "Cal-Mex Station 66" and authorized her, alone, to sign checks. On the day in question, he instructed her to write a check on the American Bank and Trust Company account in the sum of $9,640.19 payable to the order of the Hillcrest State Bank of Dallas. This check was exchanged at the Hillcrest State Bank for a cashier's check with appellant's name as purchaser, payable to the Dallas County State Bank. This cashier's check was exchanged by appellant at the Dallas County State Bank for nine cashier's checks, five of which were made to the order of Cal-Mex Leasing and Distributing Company (another of appellant's companies) in the sum of $1722.41 each, and he then secured Jane Savage's endorsement thereon as signer for Cal-Mex Leasing and Distributing Company.

The original $9,649.17 check on the American Bank and Trust Company was dishonored because of insufficient funds. The above facts clearly establish the ele-

ments of the offense of theft by false pretext from the Hillcrest State Bank.

 The fact that appellant, through one of his attorneys, later made partial restitution will not prevent prosecution for the original theft. 16 Tex.Jur.2d, Section 90, p. 207.

Appellant contends that the Hillcrest State Bank through its agent, Eddie Smith, consented to the taking of the sum involved. He bases this contention on the testimony of Jane Savage who stated that on July 19, 1966, prior to the issuance of the check in question on August 12, 1966, she had had a telephone conversation with one Eddie Smith at the Hillcrest State Bank in connection with some checks to be cashed that day. She informed Smith that the Cal-Mex Station 66 account did not have sufficient funds in said bank to cover the checks she was then writing, and Smith admitted that he knew such to be the case. Jane Savage's testimony stated that at the time she wrote the checks in question, as well as the checks she was drawing on July nineteenth, appellant assured her that he would have the money in the American Bank and Trust Company in time to cover the Hillcrest State Bank cashier's check. This testimony plus the fact that an examination of the daily balance sheets for the Cal-Mex Station 66 account at the American Bank and Trust Company from July twentieth through August sixteenth would indicate that such account was not overdrawn. For this reason, Eddie Smith was not charged with the knowledge that the August twelfth check would be dishonored when it was presented. If the checks he had issued on July nineteenth had been paid, as it would appear from this record they had been, then no question of acquiescence of appellant's illegal act on the part of Eddie Smith would be raised.[1] All the items shown that were introduced in evidence are before this Court.

The trial court covered any question of Eddie Smith's participation in appellant's crime when he charged the jury as follows:

" * * * You are further instructed that if you find from the evidence or if you have a reasonable doubt that at the time State's Exhibit No. 1 was used to purchase a cashier's check, being State's Exhibit No. 3, that Hillcrest State Bank of University Park or the person acting for said bank in the issuance of the said cashier's check did not believe that State's Exhibit No. 1 would be paid when presented to American Bank and Trust Company in the due course of business, then in such event you will find the defendant not guilty."

This we believe is a fair discussion of the grounds of error that the appellant seriously asserts.

Finding the evidence sufficient to support the conviction and finding no reversible error, the judgment is affirmed.

1. Eddie Smith was shown to be dead at the time of this trial.