THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRELL CALDWELL, Defendant-Appellant.

First District (1st Division) No. 1—90—0295

Opinion filed September 3, 1991.

Elliot R. Zinger, of Chicago, for appellant.

John M. O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Walter Hehner, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant Terrell Caldwell appeals from his convictions, following a jury trial, for attempted murder, aggravated battery, and armed violence (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 12—4, 33A—2) in the shooting of Dedrick Jones. Defendant also challenges the propriety of the 30-year prison term imposed for those convictions.

We affirm.

The victim, Dedrick Jones, testified at trial that at approximately 12:30 a.m. on December 14, 1986, he was driving alone in his automobile when he stopped to talk to a friend at the intersection of Chicago Avenue and Harding Street, near a roller skating rink. A group of approximately 10 young men surrounded the car. Defendant, defendant's brother, and Chris Younger were among those at the driver's side of the automobile. Jones heard someone identify him as "one of them," and observed defendant reach over the half-opened driver's side car door window to open the door, which had no handle, from the inside. Jones wrestled with defendant in an effort to remove defendant's hands from inside the car. Defendant removed his hands from inside the car and grabbed "something shiny." Jones started the car. He then felt a sharp pain and realized he had been shot. Because he had lost feelings in his legs, Jones could not prevent the car from rolling toward Chicago Avenue, where it collided with another vehicle

driven by Roy Parnell. Jones later identified, for police, defendant, defendant's brother, and Younger from a group of seven photographs as the individuals involved in the incident.

Roy Parnell testified he saw a group of 8 to 10 young men chasing Jones' car, beating it with sticks, and pulling at Jones as he drove. After Jones' automobile struck Parnell's vehicle, Parnell approached Jones. Jones explained he had been shot.

Rodney Williams also witnessed the incident. Williams saw defendant, defendant's brother, and Younger, all members of a particular street gang, present at the driver's side door of Jones' automobile. Defendant was the closest to the driver's side door. Williams stated defendant's brother asked Jones why Jones had brought members of a rival street gang to the area. Defendant then reached into the driver's side window with a gun in his hand and shot Jones. As the car moved away, the gun fell. Williams stated Younger retrieved the gun and fired it again at Jones' car.

Williams identified defendant, defendant's brother, and Younger in a police lineup as those involved in the incident and specifically identified defendant as the individual who fired the gun. Williams' identifications were confirmed by the testimony of Chicago police detective Gene Harris.

Chris Younger also testified for the State. Younger stated he, defendant, and defendant's brother were members of the same street gang. On the day of the incident, Younger and defendant had accompanied defendant's brother in search of a rival street gang member to revenge an earlier altercation. Later, when they saw members of their own street gang surround Jones' car, they approached at the driver's side. Defendant attempted to open the driver's side door as the car rolled forward. Defendant reached into the window of the car and Younger heard a shot. Younger stated only defendant was beside the driver's side door when the shot was fired.

On appeal, defendant first contends the evidence was insufficient to prove him guilty beyond a reasonable doubt.

In assessing a challenge to a criminal conviction based on insufficiency of the evidence, the question is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 453.) In that determination, a reviewing court is not free to substitute its judgment for the trier of fact on questions involving the weight of the evidence or the credibility of witnesses. *People v. Manion* (1977),

67 Ill. 2d 564, 367 N.E.2d 1313, *cert. denied* (1978), 435 U.S. 937, 55 L. Ed. 2d 533, 98 S. Ct. 1513.

■ The testimony presented at trial amply supported defendant's convictions. Jones positively identified defendant as the individual who shot him. His identification was corroborated by both Williams and Younger. Williams specifically testified that he saw defendant reach into Jones' car with a gun and fire the shot. Based on that testimony, there exists no reason to disturb the jury's determination of defendant's guilt.

■ Defendant also argues that he was denied a fair trial because comments made during closing argument by the State misstated the law of accountability and did so in a manner which left the jury with the impression that the defendant could be found guilty by mere association if it determined he was a street gang member.

Defendant, however, has waived the opportunity here to object to the closing remarks because he failed to object to the remarks at trial and failed to preserve that objection in his written post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.) Given the positive identification of defendant as the individual who shot Jones, we further conclude the plain error doctrine unavailable to defendant to otherwise permit consideration of the issue. *People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 453.

Defendant next contends the trial judge abused his discretion in denying defendant a hearing on a motion for a new trial in light of the attached affidavit of Michael H. Branks, a private investigator, indicating Younger had recanted his testimony. Branks' affidavit stated Younger had told Branks that an individual other than the defendant shot Jones after reaching through the open driver's side *rear* window.

■ A motion for a new trial based on newly discovered evidence is addressed to the discretion of the trial judge, and the motion's denial will not be disturbed upon review in the absence of a showing of an abuse of discretion. (*People v. Miller* (1980), 79 Ill. 2d 454, 404 N.E.2d 199.) Courts generally view recanted testimony with caution absent sufficient proof to establish that the earlier testimony was indeed perjured. *People v. Nash* (1966), 36 Ill. 2d 275, 222 N.E.2d 473, *cert. denied* (1967), 389 U.S. 906, 19 L. Ed. 2d 223, 88 S. Ct. 222.

The record simply does not support the argument that the trial judge abused his discretion. The parties stipulated at trial that the physician who initially treated defendant for the gunshot wound would testify the bullet entered at the nipple of Jones' chest and passed diagonally downward, from left to right. Younger's purported

recantation that Jones was shot from the back is inconsistent with the stipulated testimony as to the nature of Jones' wound. Given that evidence, and considering the skepticism with which recantations are viewed in the absence of independent facts indicating the initial testimony was perjured, we cannot conclude the denial of the motion was improper.

Lastly, defendant concedes the 30-year prison term imposed was within the permissible statutory sentencing range but contends the sentence was nevertheless excessive in view of his age, lack of prior criminal record, and potential for rehabilitation.

■ Because defendant was 17 years old at the time of the shooting, his prosecution under the Criminal Code was not prohibited or limited even though he was then a minor. (See Ill. Rev. Stat. 1985, ch. 37, par. 702—7(4).) As for mitigating factors, we must presume the trial judge properly considered the presentence investigation report as well as defendant's counsel's offer of proof that defendant had not been involved in like prior incidents and had helped to care for his family. (See *People v. Goodman* (1983), 116 Ill. App. 3d 125, 451 N.E.2d 607; *People v. Shumate* (1981), 94 Ill. App. 3d 478, 419 N.E.2d 36.) In short, no reason exists which would allow the substitution of our own judgment for that of the trial judge in determining the appropriateness of defendant's sentence.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.