UNITED STATES of America ex rel.
Roy WILLIAMS, Petitioner,

v.

Howard PETERS, Director, and Attorney General of the State of Illinois, Respondents.

No. 93 C 1872.

United States District Court,
N.D. Illinois, E.D.

Feb. 10, 1994.

Roy Williams, pro se.

Terence Madsen, Illinois Atty. Gen's Office, Chicago, IL, for respondents.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Roy Williams has petitioned *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on a claim of ineffective assistance of counsel. For the reasons set forth below, the court finds petitioner was provided effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution. Accordingly, the petition is denied.

## I. FACTUAL BACKGROUND

The state appellate court's summary of the facts serves as the basis for review of this petition for habeas corpus. 28 U.S.C. § 2254(d); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). In December 1986, the petitioner was convicted of rape and sentenced to a 19–year prison term. His wife and codefendant, Emmaline Williams, was convicted of indecent liberties with a child and sentenced to a 12–year prison term. The term "indecent" here ranks among the law's great understatements.

At defendants' joint bench trial, the complainant testified that petitioner and codefendant, complainant's adopted parents,

raped and sexually molested her. A letter she had written chronicling the incident was also admitted. More than a year after the incident, following a beating by the codefendant, the complainant reported the rape to her former foster mother, who in turn notified the police. A police officer testified that the codefendant was arrested, waived her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and made statements implicating the petitioner. Subsequently, the petitioner was arrested, waived his *Miranda* rights, and made an oral statement confessing to the crime. The statement was reduced to writing and signed by the petitioner. Petitioner and codefendant both testified on their own behalf, denying that they had made the statements attributed to them. Petitioner and codefendant were represented by the same attorney at trial.

Petitioner appealed the decision to the Illinois Appellate Court, claiming he was denied effective assistance of counsel in violation of the Sixth Amendment. The appellate court denied these claims, finding counsel had not operated under a conflict of interest, and was not ineffective on the other grounds alleged. *People v. Williams*, 182 Ill.App.3d 598, 131 Ill.Dec. 189, 538 N.E.2d 564 (1st Dist.), *appeal denied*, 127 Ill.2d 639, 136 Ill.Dec. 604, 545 N.E.2d 128 (1989). The court found counsel's decisions did not prejudice the outcome of the case sufficiently to require reversal, and affirmed the conviction.

Petitioner subsequently sought leave to appeal to the Illinois Supreme Court, which was summarily denied. *People v. Williams*, 127 Ill.2d 639, 136 Ill.Dec. 604, 545 N.E.2d 128 (1989). Having exhausted his state court remedies, petitioner now seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, raising the same grounds for reversal on the basis of ineffective assistance of counsel as in his petition to the state supreme court. In his brief, petitioner drew extensively from the dissenting opinion of Justice Pincham in the appellate court.

The grounds raised in his state appeal currently serve as petitioner's basis for relief. Those grounds are as follows: Counsel was ineffective because he failed (1) to file a pretrial discovery motion; (2) to make a motion to suppress petitioner's statement; (3) to make a severance motion; (4) to familiarize himself with and properly utilize the pretrial discovery material voluntarily furnished him by the prosecutor; (5) to learn of the existence, in his own file, of the complainant's letter chronicling the incident; (6) to object to admission of that letter; (7) to cross-examine the complainant on the inconsistencies, contradictions and omissions between her trial testimony and her letter; (8) to present evidence that would have undermined the complainant's credibility; (9) to present evidence that would have bolstered petitioner's and his wife's credibility; (10) to present other favorable evidence on petitioner's behalf; (11) to object to admission of search warrant testimony and other inadmissible evidence; (12) to decline to represent both petitioner and codefendant, although a conflict of interest existed; (13) to object to the prosecutor's improper arguments; and (14) to make proper arguments.

## II. BACKGROUND LAW

As grounds for habeas corpus relief, petitioner claims the multitude of alleged errors set forth above deprived him of effective assistance of counsel during trial. In their answer, respondents claim the alleged errors were either sound trial strategy or caused no prejudice to petitioner.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-prong test for determining whether counsel's omissions or errors have deprived a criminal defendant of his Sixth Amendment right to counsel. First, a defendant must demonstrate that counsel's performance was so deficient and that his errors were so egregious that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. According to the Court in *Strickland*, a reviewing court, scrutinizing counsel's performance, must be "highly deferential," taking care "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

*Id.* at 689, 104 S.Ct. at 2065. Consistent with this approach, there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066. The defendant must rebut this presumption and prove that counsel's conduct fell outside "the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

 The second prong of the *Strickland* test requires the defendant to show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. As the *Strickland* Court noted, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* However, the test is not merely whether the outcome would have been different without the error; instead, the analysis must look at both the outcome and whether the result was fundamentally unfair or unreliable, thereby avoiding the grant of a windfall to a defendant. *Lockhart v. Fretwell,* —— U.S. ——, ——–——, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180 (1993). As the Seventh Circuit has stated, "*Strickland* requires us to focus, not upon whether counsel could have done a better job, but upon whether counsel provided the assistance necessary to ensure the fundamental fairness of the proceeding whose result is being challenged." *Resnover v. Pearson,* 965 F.2d 1453, 1460 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2935, 124 L.Ed.2d 685 (1993).

 Thus, if a defendant can establish both unreasonable error and unfair prejudice as a result of that error, the two prongs of the *Strickland* test will be satisfied and the defendant will have asserted a valid claim of ineffective assistance of counsel. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *see also Sullivan v. Fairman,* 819 F.2d 1382, 1387

(7th Cir.1987); *Kubat v. Thieret,* 867 F.2d 351, 359–60 (7th Cir.), *cert. denied,* 493 U.S. 874, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989). However, "if the defendant makes an insufficient showing on either component of the inquiry—performance or prejudice—a court need not address the other component." *Kubat,* 867 F.2d at 359 (citing *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069).

### III. ANALYSIS

 Petitioner's first claim is that he was denied effective assistance of counsel due to counsel's failure to make a motion for pretrial discovery.[1] Petitioner correctly claims he was entitled to such discovery under Illinois Supreme Court Rule 412. 134 Ill.2d R. 412. More importantly, petitioner had a constitutional right to pretrial discovery. *See, e.g., Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, the prosecution voluntarily provided all the necessary information to defense counsel prior to trial. Thus, defense counsel's failure to move for pretrial discovery was not objectively unreasonable and in violation of *Strickland*'s first prong. Additionally, petitioner failed to allege any prejudicial effect as a result of defense counsel's decision not to move for pretrial discovery, thereby failing the second prong of the *Strickland* test.

 Next, petitioner argues defense counsel's assistance was ineffective due to his failure to move to suppress petitioner's confession at trial. Counsel's failure to move to suppress evidence can be neither unreasonable nor prejudicial to the defendant unless there was a legally adequate ground for the motion. *See, e.g., United States ex rel. Link v. Lane,* 811 F.2d 1166, 1170–71 (7th Cir. 1987). Petitioner's contention is not meritorious and must be rejected. Petitioner claims the confession which he signed was not made voluntarily, in that the officer intentionally lied to him, telling him he had a signed statement from the codefendant implicating the petitioner. Petitioner relies on

1. A number of petitioner's claimed bases for issuance of a writ can be discussed together, which the court will do where appropriate.

*People v. Payton,* 122 Ill.App.3d 1030, 78 Ill.Dec. 424, 462 N.E.2d 543 (5th Dist.1984), for the proposition that trickery used to force a confession *per se* vitiates the voluntariness of that confession and requires suppression. However, as the Illinois Supreme Court later acknowledged, the proper inquiry looks to the totality of the circumstances, rather than the single factor of deceitful tactics by the police. Other factors for consideration are age, the duration of questioning, the occurrence of physical punishment, the receipt of advice of constitutional rights, and the level of education of the accused. *Withrow v. Williams,* —— U.S. ——, ——, 113 S.Ct. 1745, 1754, 123 L.Ed.2d 407 (1993); *United States v. Church,* 970 F.2d 401, 404 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1009, 122 L.Ed.2d 157 (1993); *People v. Martin,* 102 Ill.2d 412, 80 Ill.Dec. 776, 466 N.E.2d 228, *cert. denied,* 469 U.S. 935, 105 S.Ct. 334, 83 L.Ed.2d 270 (1984). In the instant case, petitioner was both of competent age and literate, and was not subjected to lengthy interrogation or physical punishment. Additionally, he was read his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and subsequently waived these rights. Furthermore, as the Illinois Appellate Court observed, there are strategic pitfalls to subjecting the defendant to testifying in a pretrial setting. *People v. Williams,* 182 Ill.App.3d at 603, 131 Ill.Dec. at 192, 538 N.E.2d at 567. Accordingly, failing to move to suppress this confession was not outside reasonable attorney decision making, and could not have been prejudicial to petitioner. A related claim, failure to object to search warrant testimony, fails for lack of specificity. Petitioner nowhere explains his position as to why counsel's behavior in this regard was unreasonable and prejudicial.

■ Petitioner's claim that counsel was ineffective for failing to move to sever the trials of petitioner and codefendant also must fail. The Seventh Circuit has long had a preference for "joint trials of those who engaged in a common enterprise." *United States v. Buljubasic,* 808 F.2d 1260, 1263 (7th Cir.) (citing *United States v. Velasquez,* 772 F.2d 1348, 1352–54 (7th Cir.1985), *cert. denied,* 475 U.S. 1021, 106 S.Ct. 1211, 89 L.Ed.2d 323 (1986)), *cert. denied,* 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987). The benefits derived from joint trial include, *inter alia,* (1) a saving of prosecutorial time and judicial resources; (2) providing the jury with a broad perspective, and, consequently, increasing the likelihood of a proper outcome; and (3) "reduc[ing] the chance that defendant will try to create a reasonable doubt by blaming an absent colleague, even though one or the other (or both) undoubtedly committed a crime." *Id.* Petitioner claims a valid basis for the motion existed because the codefendant implicated petitioner in her statements, and the error could not be corrected through redaction of petitioner's name. However, petitioner must allege that the defenses were mutually antagonistic to validate the motion for severance. Mutual antagonism is present only if: (1) " 'the defenses are so inconsistent that the *making* of a defense by one party will lead to an unjustifiable inference of another's guilt,' " or (2) " 'the acceptance of a defense *precludes* acquittal of [the] other defendant.' " *Stomner v. Kolb,* 903 F.2d 1123, 1127 (7th Cir.) (quoting *United States v. Buljubasic,* 808 F.2d at 1263), *cert. denied,* 498 U.S. 924, 111 S.Ct. 305, 112 L.Ed.2d 258 (1990). In the present case, the defenses presented satisfy neither of these conditions, and, therefore, were not mutually antagonistic. Furthermore, the defense employed was common to both petitioner and codefendant because they each denied making the statements attributed to them. Accordingly, petitioner's claim must be rejected because petitioner cannot demonstrate any prejudice, and defense counsel's decision to forego the motion to sever must be treated as sound trial strategy within the realm of objectively reasonable attorney decision making.

■ Petitioner next contends that defense counsel was ineffective due to his failure to familiarize himself with a letter written by the complainant. The state appellate court found the letter was cumulative in nature to the complainant's testimony, and was corroborated by both petitioner and codefendant's statements to the police. *People v. Williams,* 182 Ill.App.3d at 603, 131 Ill.Dec. at 192, 538 N.E.2d at 567. The court's con-

sideration of the record as represented by petitioner leads it to concur in that conclusion. Therefore, petitioner cannot and has not demonstrated any prejudice arose from the prosecution's use of the letter, thereby failing to satisfy the second prong of *Strickland.*

Petitioner also argues that counsel was ineffective because he failed to cross-examine the complainant on several purported inconsistencies between the letter and her testimony. However, the inconsistencies petitioner alleges are not contradictory as he claims; instead, they are merely omissions from the letter of minute facts to which the complainant testified at trial. In fact, the only inconsistency sufficient for impeachment of the complainant was the difference between the testimony and the letter regarding codefendant's ability to have sex due to her physical condition. Counsel may have wanted to refrain from highlighting other parts of the letter more damaging to petitioner. Thus, counsel's decision to avoid using the letter to impeach complainant was sound trial strategy, and petitioner has failed to overcome the strong presumption of reasonableness accorded to counsel. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

Petitioner claims he was denied effective assistance of counsel because his counsel failed to object to the admission of complainant's letter. Petitioner has not established there was a reasonable probability that, but for the error, the result would have been different, since complainant's testimony and the statements of both petitioner and codefendant were sufficient to convict petitioner. Accordingly, at least on the prejudice prong, petitioner has not established constitutionally ineffective assistance on this point.

Petitioner further contends defense counsel was ineffective for failing to present evidence contradicting complainant's testimony. First, petitioner claims counsel should have called Tanya Bergen, who would have testified that, contrary to complainant's testimony, complainant had never spoken to her about the incident. When a defendant bases his claim of ineffective assistance on a

failure to call witnesses, he must "explain their absence and ... demonstrate, with some precision, the content of the testimony they would have given at trial." *United States ex rel. Cross v. DeRobertis,* 811 F.2d 1008, 1016 (7th Cir.1987) (footnote omitted). Petitioner has presented an affidavit from Ms. Bergen, stating her testimony would have consisted of a denial that the complainant ever told her about the incident. However, counsel's choice not to call her may have been based on his doubts as to her believability as a witness. Ms. Bergen is the natural daughter of petitioner and codefendant, an issue the prosecution surely would have exploited. Counsel may have believed the best decision would be to refrain from calling her as a witness, because of this potential lack of credibility associated with her. Thus, counsel's decision not to call her was sound trial strategy and entitled to a presumption of correctness, which petitioner has not overcome. Petitioner also contends defense counsel should have called two of complainant's grade school teachers, who would have testified that complainant was an "inveterate liar." (Petitioner's Opening Brief at 27) However, such testimony would have been inadmissible according to Illinois law, and counsel was not ineffective for failing to introduce it. A witness in a case may be impeached by proving he or she has a poor reputation for veracity and truth. *People v. Nash,* 36 Ill.2d 275, 280, 222 N.E.2d 473, 475 (1966), *cert. denied,* 389 U.S. 906, 88 S.Ct. 222, 19 L.Ed.2d 223, 681 (1967). However, opinion testimony is inadmissible on a character trait such as truthfulness. *People v. Moretti,* 6 Ill.2d 494, 523–24, 129 N.E.2d 709, 725 (1955), *cert. denied,* 356 U.S. 947, 78 S.Ct. 794, 2 L.Ed.2d 822 (1958). In the present case, there is no suggestion that the two teachers ever discussed complainant's reputation with each other or anyone else in the community. The letters petitioner proposes should have been admitted were merely opinions and, therefore, inadmissible. Indeed the Illinois Supreme Court applied the above reasoning to this character-for-credibility evidence in holding that such evidence would have been inadmissible for petitioner's codefendant. *People v. Emmaline Williams,* 139 Ill.2d 1, 20–21, 150 Ill.Dec. 544, 553, 563

N.E.2d 431, 440 (1990), *cert. denied,* 499 U.S. 979, 111 S.Ct. 1630, 113 L.Ed.2d 726 (1991). Accordingly, counsel's decision to forego any attempt to admit them into evidence was not objectively unreasonable, and petitioner's claim is rejected.

■ Effective assistance of counsel was provided to petitioner even though counsel failed to produce hospital records allegedly supportive of petitioner's denial that he had sexual intercourse with complainant. Complainant testified that more than a year after the incident, she was examined at a hospital. At trial, the prosecution did not introduce evidence of any hospital records relating to whether she had engaged in intercourse prior to the examination date. Petitioner now claims such records exist and will exculpate him. This argument has no merit, however, since petitioner has not demonstrated that such records exist or that they would establish his innocence. Additionally, petitioner has not demonstrated any prejudice resulting from counsel's failure to present any other evidence, such as evidence of petitioner's background, which may have been beneficial. Without the requisite showing of unreasonableness or prejudice, both arguments must fail.

■ Counsel's simultaneous representation of petitioner and codefendant was not a conflict of interest sufficient to deny petitioner a fair trial. Joint representations do not constitute *"per se* violations of the sixth amendment." *United States ex rel. McCall v. O'Grady,* 908 F.2d 170, 172 (7th Cir.1990) (citing *Holloway v. Arkansas,* 435 U.S. 475, 482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426 (1978)). A criminal defendant is entitled to an attorney who gives his client his undivided loyalty. *United States v. Barnes,* 909 F.2d 1059, 1065 (7th Cir.1990) (citing *United States v. Ellison,* 798 F.2d 1102, 1106 (7th Cir.1986), *cert. denied,* 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987)). Accordingly, a claim of ineffective assistance is possible when the attorney is burdened by a conflict of interest. *Id.* at 1065. To establish ineffective assistance based on conflict of interest, petitioner, who did not object at trial, must demonstrate an actual conflict of interest that adversely affected the performance of his counsel. *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). Proof of an actual conflict then creates a presumption of prejudice. *Id.* at 345–50, 100 S.Ct. at 1716–19. Petitioner has not alleged any specific acts by counsel exemplifying the necessary actual conflict of interest, and, therefore, his argument of ineffective assistance of counsel must be rejected.

■ Petitioner's final arguments are that he was denied effective assistance of counsel because his attorney failed to object to the prosecutor's improper arguments and failed to make proper arguments. Both of these contentions are meritless, since petitioner has not pointed to any specific acts of counsel or demonstrated any actual prejudice to him as a result of counsel's claimed inadequacies.

## IV. CONCLUSION

Petitioner has not stated any valid grounds upon which a writ may issue. Accordingly, Roy William's petition for a writ of habeas corpus is denied.