TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00571-CR







Lisa Mae Badger, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF HARRIS COUNTY, 174TH JUDICIAL DISTRICT


NO. 9429375, HONORABLE SAM ROBERTSON, JUDGE PRESIDING







 Appellant Lisa Mae Badger appeals her conviction for aggravated kidnaping. See Tex.
Penal Code Ann. § 20.04(a)(5) (West Supp. 1998). (1) In a joint trial with five co-defendants, a jury
convicted appellant and the five others of this offense. The jury assessed her punishment at life imprisonment
and a fine of $10,000. Appellant brings six points of error. We will affirm her conviction.

 Appellant's conviction is based upon the abduction of a young man, Rudy Meinecke, on
December 19, 1994, in Houston, Harris County, by a group including appellant, who took the victim to
co-defendant Darrold Alexander's apartment where he was beaten, tortured and terrorized. The victim
was rescued by a law enforcement officer who saw a group of people, including appellant, on the street
at 3:00 a.m. carrying the unconscious victim. The details of the offense are reviewed at length in a
companion case, McMahon v. State, No. 03-97-572-CR & No. 03-97-574-CR (Tex. App.--Austin
August 13, 1998) (not designated for publication) [hereinafter McMahon]. 

 Appellant's first point of error contends that the trial court erred by refusing to hold a
hearing on her motion for change of venue. A statute provides:


(a) A change of venue may be granted in any felony or misdemeanor case punishable by
confinement on the written motion of the defendant, supported by his own affidavit and
the affidavit of at least two credible persons, residents of the county where the prosecution
is instituted . . . .



Tex. Code Crim. Proc. Ann. art. 31.03(a) (West 1989) (emphasis added). 

 Appellant filed a written motion for change of venue, but the document that purports to be
the required supporting affidavit by appellant is defective. Our inspection of appellant's purported affidavit
in the record shows that it was never signed or sworn to before an officer authorized to administer oaths,
and was not officially certified to by an officer under his seal of office. See Tex. Gov't Code Ann. §
312.011(1) (West 1988) (definition of "affidavit"). If the defendant's motion for change of venue is not
in the proper form, it is not error for the trial court to overrule it without a hearing. Lundstrom v. State
742 S.W.2d 279, 281 (Tex. Crim. App. 1986), citing Ward v. State, 453 S.W.2d 832 (Tex. Crim. App.
1974) (not supported by affidavits of at least two credible persons); Donald v. State, 453 S.W.2d 825
(Tex. Crim. App. 1970) (motion not sworn). The most recent case found which dealt with the issue is
Cover v. State, 913 S.W.2d 611, (Tex. App.--Tyler 1995, pet. ref'd). That court noted that there was
no affidavit attached to the motion for change of venue. The court found that the trial court "properly
overruled Appellant's defective motion." Id. Here, appellant's motion for change of venue is defective
because it is not signed or sealed by anyone authorized to administer and certify oaths. Thus, the trial court
did not err in not providing a hearing on it. Appellant's first point of error is overruled. 

 Appellant complains of restrictions on the voir dire examination in her points of error two
and three. Appellant's arrangement and numbering of her points of error differ from those in McMahon,
but the facts and issues in her points two and three are the same as those in McMahon in his points of error
two and three (trial court's limiting voir dire inquiry into possible prejudice against vampirism and satanism)
and in his points four, five and six (trial court's denial of additional time for questions about panelists'
attitude toward social workers and counselors; and educational background questions to those who didn't
understand burden of proof). Appellant has not shown that the trial court abused its discretion by imposing
these reasonable restrictions on the voir dire process. On the basis of our discussion of these same issues
in McMahon, and relying on the same authorities as we did there, we overrule appellant's points two and
three. See McMahon, slip op. at 10-17.

 Appellant's fourth point of error complains of the trial court's overruling an objection to
a prosecutor's argument she claims was an impermissible statement of personal opinion. This point presents
the same issue as in McMahon's seventh point of error. The trial court properly ruled that the comment
was a permitted answer to a comment in the defense counsel's closing argument. We overrule point four
for the reasons set out in point of error seven in McMahon, slip op. at 18-20.

 Appellant's fifth point of error contends that the trial court erred by not submitting an issue
for the jury to decide whether appellant voluntarily released the victim in a safe place, which would reduce
the offense to a second degree felony rather that a first degree. This point corresponds to the eleventh point
in McMahon, slip op. at 27-31. There was no evidence of a voluntary release. We overrule appellant's
eleventh point for the same reasons we set out in McMahon.

 Appellant's sixth point of error argues that the trial court abused its discretion by refusing
to grant her motion to sever her prosecution from the others. The facts and law on this point are identical
to those in the tenth point of error in McMahon, slip op. at 24-26. The trial court did not abuse its
discretion and there was no error; point of error six is overruled. 

 Having overruled appellant's six points of error, we affirm the trial court's judgment.



 

 J. Woodfin Jones, Justice 

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: August 13, 1998

Do Not Publish
1. Amendments to this section after the commission of the offense are irrelevant to the appeal. The
current version is cited for convenience. 



ble persons, residents of the county where the prosecution
is instituted . . . .



Tex. Code Crim. Proc. Ann. art. 31.03(a) (West 1989) (emphasis added). 

 Appellant filed a written motion for change of venue, but the document that purports to be
the required supporting affidavit by appellant is defective. Our inspection of appellant's purported affidavit
in the record shows that it was never signed or sworn to before an officer authorized to administer oaths,
and was not officially certified to by an officer under his seal of office. See Tex. Gov't Code Ann. §
312.011(1) (West 1988) (definition of "affidavit"). If the defendant's motion for change of venue is not
in the proper form, it is not error for the trial court to overrule it without a hearing. Lundstrom v. State
742 S.W.2d 279, 281 (Tex. Crim. App. 1986), citing Ward v. State, 453 S.W.2d 832 (Tex. Crim. App.
1974) (not supported by affidavits of at least two credible persons); Donald v. State, 453 S.W.2d 825
(Tex. Crim. App. 1970) (motion not sworn). The most recent case found which dealt with the issue is
Cover v. State, 913 S.W.2d 611, (Tex. App.--Tyler 1995, pet. ref'd). That court noted that there was
no affidavit attached to the motion for change of venue. The court found that the trial court "properly
overruled Appellant's defective motion." Id. Here, appellant's motion for change of venue is defective
because it is not signed or sealed by anyone authorized to administer and certify oaths. Thus, the trial court
did not err in not providing a hearing on it. Appellant's first point of error is overruled. 

 Appellant complains of restrictions on the voir dire examination in her points of error two
and three. Appellant's arrangement and numbering of her points of error differ from those in McMahon,
but the facts and issues in her points two and three are the same as those in McMahon in his points of error
two and three (trial court's lim